Charles P. Daly, Chief Justice.
It is not the Code as it existed when the undertaking was entered into, but the Code as it was when the application was made to exonerate the bail, that is to govern, and the interpretation put upon the amended sections 600 and 601 by Judge McAdam is so obvious that I have nothing to add. If the legislature, as the appellant argues, in these amended sec *139 tions, intended that the courts should have power to relieve the bail whenever the death of the defendant occurs, pending the suit against the bail, as was the case under section 191 of the former Code, it is presumed that they would have left the provision as it was, it being the part of wisdom to leave what is well enough alone; but they have recast the previous provision, and limited the right of the bail to be exonerated upon the death of the defendant to the case of Iris death before the expiration of the time to answer in the action brought against the bail, and if any other construction is to be put upon the plain language of sections 600 and 601 that responsibility must be assumed by the tribunal of final resort.
The order appealed from should be affirmed.
Larremore and Van Hoesen, JJ., concurred.
Order affirmed.